# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Wayne Purdon, Jr.,<br>    Petitioner,<br>vs.<br>Dora B. Schriro, et al.,<br>    Respondents. | CV-08-974-PHX-NVW (JCG)<br>**REPORT & RECOMMENDATION** |

Petitioner, Dennis Wayne Purdon, Jr., who is presently confined in the Picacho Unit of the Arizona State Prison Complex in Picacho, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 10). Petitioner did not file a Reply. The Magistrate Judge recommends that the District Court deny the Petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On November 8, 2005, Petitioner was indicted in the Maricopa County Superior Court on one count of theft, a class 2 felony. (Answer, Ex. B.) On March 24, 2006, counsel was appointed to represent Petitioner. (Answer, Ex. C.) On June 15, 2006, Petitioned pleaded guilty to one count of theft, a class 3 felony. (Answer, Ex. D.) The plea agreement contemplated a sentencing range of 2.0 - 8.75 years and restitution in an amount not to exceed $150,000. (*Id.*) On August 15, 2006, Petitioner was sentenced to an aggravated term

of 4.75 years imprisonment and $29,178.97 in restitution. (Answer, Ex. H.)

On October 24, 2006, Petitioner filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 Petition"). (Answer, Ex. J.) In his Rule 32 Petition, Petitioner presented five claims for relief: (1) Petitioner received ineffective assistance of counsel when trial counsel refused Petitioner's request to file a motion for a probable cause hearing and a motion to dismiss; (2) Petitioner received ineffective assistance of counsel when trial counsel refused to consider Petitioner's claim that the amount of the theft was not enough to be classified as a class 2 felony; (3) Petitioner was coerced into accepting his plea agreement by allegations of prior convictions from 1991; (4) Petitioner's sentence violated the United States and Arizona constitutions because it was aggravated by a prior felony from 1991; and (5) Petitioner's sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), because a judge, not a jury, found that aggravating factors were present during sentencing. (Answer, Ex. J.) On March 2, 2007, Petitioner's court-appointed counsel filed a Notice of Completion of Post-Conviction Review, stating that she was unable to find any claims for relief to be raised in post-conviction relief proceedings. (Answer, Ex. L.) On March 21, 2007, Petitioner re-filed his Rule 32 Petition.[1] (Answer, Ex. M.) The trial court summarily denied Petitioner's Rule 32 Petition on June 11, 2007. (Answer, Ex. O.)

On July 11, 2007, Petitioner filed a petition for review by the Arizona Court of Appeals, in which he raised three claims for relief: (1) Petitioner received ineffective assistance of counsel when trial counsel refused Petitioner's request to file a motion for a probable cause hearing and a motion to dismiss; (2) Petitioner received ineffective assistance of counsel because trial counsel did not adequately discuss Petitioner's rights and the plea agreement with him, including a failure to explain to Petitioner that his sentence could be aggravated based on his prior convictions, and Petitioner relied on this ineffective assistance in accepting the plea agreement; and (3) the trial court erred and abused its discretion in

---

[1] Petitioner's October 24, 2006 Rule 32 Petition should have been filed as a Notice of Post-Conviction Relief, with the Rule 32 Petition filed later. Since Petitioner filed his Rule 32 Petition at the outset, instead of a Notice, it was appropriate for him to re-file the Petition after his court-appointed counsel filed a Notice of Completion Post-Conviction Review.

failing to hold an evidentiary hearing on Petitioner's Rule 32 Petition. (Answer, Ex. Q.) The Court of Appeals denied the petition for review on March 18, 2008. (Answer, Ex. R.) Petitioner did not seek review by the Arizona Supreme Court.

On May 22, 2008, Petitioner filed the instant Petition for Writ of Habeas Corpus, in which he presents four claims for relief:

- **Ground 1:** Petitioner received ineffective assistance of counsel when trial counsel: (a) failed to challenge the indictment proceedings by filing a motion for lack of probable cause; (b) refused to consider Petitioner's claim that the amount of the theft was not enough to be classified as a class 2 felony; and (c) refused to challenge or introduce evidence that Petitioner's prior convictions were outside the time limits set by A.R.S. § 13-604 and could not be used to aggravate Petitioner's sentence.
- **Ground 2:** Petitioner was coerced into accepting his plea when: (a) the trial judge and the prosecutor stipulated that defendant's prior convictions would be used to aggravate his sentence; and (b) Petitioner was placed under duress by the combined pressures associated with a court-appointed counsel who refused to file pre-trial motions, a trial court judge who intimidated him with ineligible historical priors and a county attorney who was willing to reduce the charge if money was paid up front.
- **Ground 3:** Petitioner's sentence was illegal because the trial judge aggravated Petitioner's sentence with prior felony convictions outside the statutory time limit.
- **Ground 4:** Petitioner did not intend to waive his rights under *Blakely* when accepting his plea agreement.

(Petition, Doc. No. 1.)

## **DISCUSSION**

The Magistrate recommends that the Petition be denied because Petitioner is procedurally barred from raising Grounds 1, 3 and 4 and has failed to exhaust his state court remedies with respect to Ground 2.

**A.     Effect of Guilty Plea on Collateral Review**

Petitioner's plea agreement provides:

3

> "the Defendant hereby waives and gives up any and all motions, defenses, or requests which he had made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement. By entering the agreement the Defendant further waives and gives up the right of appeal. The parties hereto fully and completely understand and agree that by entering into a plea agreement, the Defendant consents to judicial factfinding by preponderance of the evidence as to any aspect or enhancement of sentence . . . ."

Defendant initialed a portion of the plea agreement which reads:

> "I have read and understand the provisions of pages one and two of this agreement. . . . I understand that by pleading GUILTY I will be waiving and giving up my right to a determination of probable cause, to a trial by jury to determine guilt and to determine any fact used to impose a sentence within the range stated above in paragraph one ... and the right to appeal."

(Answer, Ex. D.)

A voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) (collecting cases), *disapproved on other grounds by Puckett v. United States*, 129 S.Ct. 1423 (Mar 25, 2009). Thus, a plea-convicted petitioner can only pursue federal habeas relief on the grounds that he did not enter into the plea agreement voluntarily or the plea was induced by ineffective assistance of counsel. *See id.* Grounds 1, 3 and 4 of the Petition do not challenge the voluntariness of Petitioner's plea, nor do they allege that Petitioner relied on ineffective assistance of counsel in deciding to accept the plea offer.[2] Grounds 1, 3 and 4 are therefore procedurally barred by the rule set forth in *Mabry*. However, in Ground 2, Petitioner alleges that he was coerced into accepting his plea such that the plea was not voluntary; Ground 2 is therefore not procedurally barred pursuant to *Mabry* and the Court will consider whether Petitioner has properly exhausted Ground 2.

**B.    Exhaustion**

    **i.    Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the

---

[2]Although Ground 1 alleges ineffective assistance of counsel, none of the specific allegations relate to Petitioner's decision to accept the plea offer or to trial counsel's failure to fully apprise him of the consequences of the plea. Rather, the allegations relate to trial and sentencing issues, specifically the indictment proceedings, classification of the theft as a class 2 felony, and the use of Petitioner's prior convictions to aggravate Petitioner's sentence.

4

petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**ii.     Ground 2**

Petitioner failed to present his claims to both the Arizona trial and appellate court. Petitioner presented Ground 2(a) to the trial court in his Rule 32 Petition, but did not present Ground 2(a) in his petition for review by the Arizona Court of Appeals. Ground 2(a) was therefore not properly exhausted. *See Rose*, 455 U.S. at 519 (a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254).

Petitioner arguably presented Ground 2(b) to the Arizona Court of Appeals when he asserted in his petition for review that he received ineffective assistance of counsel because trial counsel did not adequately discuss Petitioner's rights and the plea agreement with him, including a failure to explain to Petitioner that his sentence could be aggravated based on his prior convictions, and Petitioner relied on this ineffective assistance in accepting the plea agreement. However, Petitioner did not present that claim to the trial court in his Rule 32 Petition. Submission of a claim for the first time to a state court on discretionary review does not constitute fair presentation and does not satisfy the exhaustion requirement. *See Castille*, 489 U.S. at 351-52.

Thus, Ground 2 is not exhausted absent a showing of cause and prejudice or a fundamental miscarriage of justice, which Petitioner does not assert. *See Coleman*, 501 U.S. at 749-50 (citations omitted; internal quotation marks omitted); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992). Accordingly, the Court concludes that Petitioner has failed to properly exhaust Ground 2.[3]

---

[3] In addition to Grounds 1, 3 and 4 being procedurally barred, the Magistrate concludes that Petitioner also failed to exhaust Grounds 1(b), 1(c), 3 and 4. Petitioner raised Grounds 1(b) and 3 in his Rule 32 Petition to the trial court but did not present these grounds in his petition for review by the Court of Appeals. Petitioner raised Grounds 1(c) and 4 for the first time in his federal Petition. *See Rose*, 455 U.S. at 519 (a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254).

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-08-974-PHX-NVW.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 25th day of November, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge